UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TERRILEE HOUSER and DANIEL HOUSER,**
wife and husband

      **Plaintiffs,**

-vs-                     Case No.  6:06-cv-597-Orl-19DAB

**MEDTRONIC USA, INC.; MEDTRONIC, INC.,**

      **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Notice of Removal and Demand for Jury Trial of Defendants Medtronic USA, Inc. and Medtronic, Inc . (Doc. No. 1, filed May 3, 2006);

2. Motion for Leave to Amend Complaint and Memorandum of Law and Authorities in Support Thereof of Plaintiffs Terrilee Houser and Daniel Houser. (Doc. No. 20, filed May 26, 2006);

3. Opposition to Plaintiffs' Motion for Leave to Amend Their Complaint and Accompanying Memorandum of Law of Defendants Medtronic USA, Inc. and Medtronic, Inc. (Doc. No. 27, filed June 12, 2006);

4. Motion to Remand and Memorandum in Support Thereof of Plaintiffs Terrilee Houser and Daniel Houser. (Doc. No. 21, filed May 26, 2006);

5 Opposition to Plaintiffs' Motion to Remand and Accompanying Memorandum of Law of Defendants Medtronic USA, Inc. and Medtronic, Inc.. (Doc. No. 26, filed June 12,

    2006); and

  6.  Request for Oral Argument of Defendants Medtronic USA, Inc. and Medtronic, Inc .

    (Doc. No. 28, filed June 12, 2006).

## Background

This action was originally filed in the Eighteenth Judicial in Brevard County, Florida.  (Doc. No. 1, ¶ 1) (Doc. No. 1, Ex. A).  Plaintiffs Terrilee Houser and Daniel Houser allege claims for strict liability, negligence, negligent misrepresentation, and loss of consortium against Defendants Medtronic USA, Inc.[1] and Medtronic, Inc., a Minnesota corporation with its principal place of business in Minnesota. (Doc. No. 2, filed May 3, 2006).  Plaintiffs allege that Terrilee Houser, a type-I insulin dependent diabetic, suffered injuries from using the Medtronic Minimed Paradigm Quick-Set Plus infusion set and that the device was defective when it left Defendants' hands.  (*Id.* at ¶¶ 1, 8, 10, 13).

On May 3, 2006, Defendants filed a Notice of Removal pursuant to 28 U.S.C. section 1446(b) based upon diversity of citizenship.  (Doc. No. 1).  Defendants stipulated to the existence of complete diversity of citizenship and claimed that Medtronic USA, Inc. was fraudulently joined.  In their Notice of Removal, Defendants submitted the affidavit of Neil Ayotte, Vice President, Senior Legal Counsel, and Assistant Secretary for Medtronic, Inc., in which Ayotte testifies that Defendant Medtronic USA, Inc. is a Minnesota corporation with its principal place of business in the state of Minnesota and that Defendant Medtronic USA, Inc. did not design, develop, manufacture, market, sell or distribute the Medtronic Minimed Paradigm Quick-Set Plus infusion set.  (Doc. No. 1, Ex. C, ¶¶ 1, 2).

On May 26, 2006, Plaintiffs filed a Motion for Leave to Amend their Complaint.  (Doc. No.

---

[1] Plaintiffs allege that Medtronic USA, Inc. is a Minnesota corporation with its principal place of business in Florida.  (Doc. No. 2, ¶ 2).

20).  In their Motion for Leave to Amend, Plaintiffs seek to add Medtronic Diabetes as a diverse defendant, Medtronic MiniMed, Inc. as a diverse defendant, and MiniMed Medical Supply, Inc. as a non-diverse defendant. On the same date Plaintiffs filed a Motion to Remand.  (Doc. No. 20).  In that motion, Plaintiffs argue that amending their complaint to add MiniMed Medical Supply, Inc., a non-diverse defendant, requires remand to the state court, that Defendant Medtronic USA, Inc. has its principal place of business in the State of Florida, and that Defendants have not met the heavy burden of proving fraudulent joinder.

On June 12, 2006, Defendants responded to Plaintiffs' Motion to Remand and Motion for Leave to Amend their Complaint and filed a Request for Oral Argument.  (Doc. No. 26) (Doc. No. 27) (Doc. No. 28).

This Order analyzes Plaintiffs' Motion for Leave to Amend their Complaint and Motion for Remand.

### **Plaintiffs' Motion to Amend Their Complaint**

### Standard of Review

Generally, leave to amend a complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  However, "where adding a defendant will destroy diversity jurisdiction, the motion for leave to amend must be given greater scrutiny." *Espat v. Espat*, 56 F.Supp.2d 1377, 1382 (M.D. Fla. 1999) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851).  The factors that a district court should consider in determining whether to allow a plaintiff to amend a complaint to add a non-diverse defendant include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other

factors bearing on the equities." *Hengens*, 833 F.2d 1182.

## Analysis

At issue in this case is whether Medtronic Minimed, Inc., a diverse party, and MiniMed Medical Supply, Inc., a non-diverse party, may be added as Defendants to the Complaint. Under the liberal standard afforded by Federal Rule of Civil Procedure 15(a), Plaintiffs argue that leave should be given to amend the Complaint because there has been no undue delay in Plaintiffs' request. Furthermore, Plaintiffs contend that the parties have not engaged in discovery, and therefore amending the Complaint will not place any undue burden on Defendants to re-file an Answer or readdress discovery. Finally, Plaintiffs claim that they will be highly prejudiced if they are not allowed leave to amend their Complaint. Because one of the grounds in Plaintiffs' Motion to Remand is based on the Court granting Plaintiffs' Motion for Leave to Amend, Defendants counter that Plaintiffs seek to amend their Complaint to defeat federal jurisdiction.

Defendants have submitted the affidavit of Angela Ward, Licensing Manager for Medtronic MiniMed, Inc., in support of their response to Plaintiffs' Motion to Amend. (Doc. No. 27, Ex. 1, ¶ 2). Ward avers that Medtronic MiniMed, Inc. was, at the time of the filing of Plaintiffs' Complaint, a Delaware corporation with its principal place of business in California. (*Id.* at ¶ 4). Ward further states that neither Medtronic MiniMed, Inc. nor MiniMed Medical Supply, Inc. shipped a Medtronic MiniMed Paradigm Quick-Set Plus infusion set to Plaintiff Terrilee Houser prior to her alleged date of injury. (*Id.* at ¶¶ 7-9). Ward testifies that MiniMed Medical Supply, Inc. "never had any design or manufacturing function or responsibility for any Medtronic or affiliate product." (*Id.* at ¶ 16).

Plaintiffs seek to add Medtronic MiniMed, Inc. as a diverse defendant. Thus, the addition of Medtronic MiniMed, Inc. to the instant Complaint would not destroy diversity jurisdiction. While

Ward avers that Medtronic MiniMed, Inc. did not ship the MiniMed Paradigm Quick-Set Plus infusion set to Plaintiffs, Ward is silent as to whether Medtronic MiniMed, Inc. was involved in the design, development, or manufacturing of the product which could still form a basis for liability in this lawsuit. Because the addition of Medtronic MiniMed, Inc. would not destroy diversity and because of the liberal policy of permitting amendments under Rule 15(a), the Court grants Plaintiffs' Motion for Leave to Amend to add Medtronic MiniMed, Inc. to this suit.

Plaintiff also seeks to add MiniMed Medical Supply, Inc. as a non-diverse defendant. While Ward avers that MiniMed Medical Supply, Inc. did not ship the Medtronic MiniMed Quick-set Plus infusion set to Plaintiffs and that MiniMed Medical Supply, Inc. was not involved in the design or manufacturing of the product, basing a decision solely on Ward's affidavit would deprive Plaintiffs of an opportunity to respond to Ward's testimony. Further, based on the record before the Court, it is unclear whether Plaintiffs' purpose in seeking an amendment is to defeat federal jurisdiction.

The Court will hold an evidentiary hearing to determine whether Plaintiffs seek to join MiniMed Medical Supply, Inc. in order to defeat federal jurisdiction or whether MiniMed Medical Supply, Inc. had some involvement in the wrongs alleged by Plaintiffs. Plaintiffs bear the burden of responding to the averments in Ward's affidavit to demonstrate that MiniMed Medical Supply, Inc. played a role in the alleged wrongs.

**Plaintiffs' Motion to Remand**

**Standard of Review**

Removal of civil actions from state to federal court is authorized by 28 U.S.C. section 1441. Under Section 1441(a), the removal jurisdiction of the district court is tied to the original jurisdiction of the federal courts. Removal is only proper if the action originally could have been brought in the

district court.  *Droessler v. Wyeth-Ayerst Lab.*, 64 F.Supp.2d 1265, 1269 (S.D. Fla. 1999) (citing *Catepillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  When removal is challenged through a motion to remand, the defendant bears the burden of demonstrating that removal is proper.  *Id.*  (citing *Pacheco de Perez v. AT&T*, 139 F.3d 1268, 1373 (11th Cir. 1998)).  The district court must construe removal jurisdictional narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the nonremoving party.  *Id.*

**Analysis**

Plaintiffs' first argument in favor of remand is that granting their Motion for Leave to Amend their Complaint destroys complete diversity thereby making removal improper.[2]  The Court, however, has reserved ruling on Plaintiffs' Motion for Leave to Amend until this issue is resolved by an evidentiary hearing.

Plaintiffs' second argument in favor of remand is based on Medtronic USA, Inc.'s alleged citizenship in the state of Florida.  A corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Plaintiffs contend that the Eleventh Circuit examines the total activity of a corporation when determining its principal place of business.  Without providing any evidentiary support,[3] Plaintiffs claim "upon information and belief" that Medtronic USA, Inc. represents on its website that its

---

[2] 28 U.S.C. Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[3] Attached to Plaintiffs' Motion to Remand is a series of exhibits, but not one of these exhibits demonstrate that Medtronic USA, Inc. has its principal place of business in Florida.

principal place of business is in Florida, that Medtronic, Inc. and Medtronic USA, Inc. share many of the same officers and directors and have a unity of interest in ownership sufficient to make them indistinguishable, and that Medtronic, USA, Inc. distributes products from its Florida headquarters. On the basis of these beliefs, Plaintiffs claim that some of Medtronic USA, Inc.'s managerial and policymaking functions occur in Florida and that Medtronic USA, Inc. has its principal place of business in Florida.

Defendants have submitted the affidavit of Neil Ayotte in opposition to Plaintiffs' Motion to Remand. (Doc. No. 26, Ex. 2). Ayotte testifies that Medtronic USA, Inc. never and does not currently design, develop, manufacture, market, sell, or distribute the Medtronic MiniMed Paradigm Quick-Set Plus infusion set. (*Id.* at ¶¶ 2, 7). Ayotte further avers that Medtronic USA, Inc. is a Minnesota corporation with its principal place of business in Minnesota, that all of Medtronic USA, Inc.'s officers and directors are based in Minnesota, and that Medtronic USA, Inc. has widespread business activities for certain subsidiaries and divisions of Medtronic, Inc., excluding Medtronic MiniMed, Inc. (*Id.* at ¶¶ 6, 11).

Plaintiffs have not submitted any evidence in support of their bare allegations regarding Medtronic USA, Inc. Even more importantly, Plaintiffs were on notice of the Ayotte affidavit when Defendants filed their Notice of Removal. (Doc. No. 1, Ex. C). Based on the record before the Court, there is no evidence to even *suggest* that Medtronic USA, Inc. has its principal place of business in Florida or is a citizen of Florida. Because Plaintiffs were on notice of the Ayotte affidavit at an earlier stage of the litigation and because Plaintiffs have failed to respond to the Ayotte affidavit with evidence, Plaintiffs' argument that they are entitled to remand based on Medtronic USA, Inc.'s alleged

citizenship in the state of Florida is without merit.[4]

## Conclusion

Based on the foregoing, the Court rules as follows:

1. The Court **GRANTS** in part and **RESERVES RULING** in part on Plaintiffs' Motion for Leave to Amend their Complaint. (Doc. No. 20).

2. The Court **GRANTS** Plaintiffs' Motion for Leave to Amend their Complaint to add Medtronic MiniMed, Inc. as a Defendant to this suit.

3. The Court **RESERVES RULING** on the issue of whether MiniMed Medical Supply, Inc. may be added as a Defendant to this suit.

4. The Court will hold an evidentiary hearing to determine whether Plaintiffs seek to join MiniMed Medical Supply, Inc. in order to defeat federal jurisdiction or whether MiniMed Medical Supply, Inc. had some involvement in the wrongs alleged by Plaintiffs.

5. The Court **RESERVES RULING** in part and **DENIES** in part Plaintiffs' Motion to Remand. (Doc. No. 21).

6. Motion to Remand based on Medtronic USA, Inc.'s alleged citizenship in the state of Florida is **DENIED**.

7. The Court **RESERVES RULING** on the issue of whether Plaintiffs are entitled to remand until it is determined whether Plaintiffs' Motion for Leave to Amend their

---

[4] The Court's holding on Defendant Medtronic USA, Inc.'s citizenship status makes moot Defendants' argument that Defendant Medtronic USA, Inc. was fraudulently joined as a Defendant.

      Complaint to add MiniMed Medical Supply, Inc. as a Defendant to this suit will be granted.

8.      Defendants' Request for Oral Argument is **GRANTED.**.  (Doc. No. 28). This case will be placed on the Court's September 2006 trial calendar for an evidentiary hearing.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July _20_____ 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record